# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SHERMCO INDUSTRIES, INC.,<br><br>Defendant. | **Case No: 8:17CV429** |

## PROTECTIVE ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

**IT IS HEREBY ORDERED** that the Joint Motion for Entry of Stipulated Protective Order (Filing No. 21) is granted, and the parties' stipulated agreement shall govern the handling of all documents, materials, information, and other products of discovery, including but not limited to deposition testimony, deposition exhibits, interrogatory answers, responses to requests for admission, responses to requests for production and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed documents, materials, or information (collectively "Discovery Material") produced in the above-captioned action (the "Action"):

1. <u>Confidential Discovery Material</u>. Any party producing materials ("Producing Party") may designate as "Confidential Discovery Material" any Discovery Material that it believes in good faith contains information that is sensitive, confidential, proprietary, or otherwise legally protectable in accordance with the Federal Rules of Civil Procedure or other applicable law, statute, or rules. For purposes of this Order, information considered to be "Confidential Discovery Material" may include, without limitation, all non-public materials containing information related to: financial or business plans or projections; proposed strategic

1

transactions or other business combinations; trade secrets; confidential and proprietary business information; business and marketing plans and strategies; studies or analyses by internal or outside experts; financial or tax data; competitive analyses; costs of goods and services; personnel records and information; development and planning; financial results or data; customer information, including financial and business information; or other personally sensitive, proprietary, or protected information. All Discovery Material designated as Confidential Discovery Material shall be handled in strict accordance with the terms of this Order.

2. <u>Limitation on Use</u>. Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of the Action and any appeals of the Action. Confidential Discovery Material, or information derived therefrom, shall not be used for any other purpose, including, without limitation, any business or commercial purpose; however, the Order shall not preclude the parties from disclosing Confidential Discovery Materials to the parties' insurers or reinsurers, if any, or regulators or auditors for legitimate business purposes, including regulators or auditors of the parties' insurers or reinsurers, provided they are advised of the Order and reasonable steps are taken in an attempt to secure assurances that such third parties will preserve the confidential nature of such materials.

3. <u>Designation of Confidentiality</u>. The designation of Discovery Material as "Confidential Discovery Material" for purposes of this Order shall be made in the following manner by any Producing Party:

    a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" or "Confidential Information Subject to Protective Order" to all pages of any document containing Confidential Discovery Material, except that in the case of multipage documents bound together by staple or other permanent binding such designation need only be made on the first page for the entire document to be treated as Confidential Discovery Material. Materials such as videotapes, audio tapes, and electronic media such as computer disks, compact discs, or DVDs, which contain or include

Confidential Discovery Material, shall be designated by affixing the appropriate legend to the package thereof. Any such designation shall subject the document, its contents, or any portion thereof, to this Order without any further act on the part of the Producing Party. The failure of a Producing Party to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document after it has been produced, with the effect that such document is subject to the protections of this Order.

  b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties after receiving a copy of the transcript thereof; and when possible, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or by written agreement of the parties, without further order of the Court.

  4. <u>Who May Access Confidential Discovery Material</u>. Confidential Discovery Material shall not be disclosed by the person receiving it to any other person without the prior written consent of the Producing Party or an order of this court (the "Court"), except the following:

  a. outside counsel who represent parties in the Action, and regular and temporary employees of such counsel (such as other lawyers, clerical, paralegal or secretarial personnel) necessary to assist in the conduct of the Action for use in accordance with this Order;

  b. In-house counsel and employees of the parties with responsibilities relating to this Action;

  c. experts, contractors, or consultants retained by outside counsel or the parties or designated as expert witnesses in the Action and deemed necessary to assist outside counsel for parties in the Action;

  d. the Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Discovery Material is filed in accordance with the terms of this Order;

  e. deposition or trial witnesses or potential deposition or trial witnesses in this Action who are not subject to Paragraphs 5(b) and 5(c) above;

  f. stenographers, videographers, or other persons preparing transcripts of testimony

       in connection with the Action;

  g.  members of data entry, data processing, or computer imaging firms employed by either the parties or counsel to assist in the development or use of data retrieval systems or computer imaging of documents in connection with this Action;

  h.  employees of copy services utilized by outside counsel or the parties with respect to this Action, provided they return the materials and all copies thereof to the Party utilizing the service;

  i.  employees of Litigation support vendors utilized by outside counsel or the parties with respect to this action;

  j.  insurers, reinsurers, regulators, or auditors of the parties, and regulators or auditors of such insurers and reinsurers;

  k.  any governmental or regulatory body as required by law; and

  l.  any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Discovery Material.

5.    <u>Undertaking Forms</u>. As to those persons designated in Paragraphs 4(c), 4(e), 4(g), 4(i), and 4(l), no disclosure of Confidential Discovery Material, or any copy, excerpt, or summary thereof, or the information contained therein, received from a party or non-party, shall be made to any person until such person has been provided with a copy of this Order and the disclosing party has made a sincere effort to secure the execution of the Undertaking Form attached hereto as Exhibit A. If the person to whom the material is disclosed refuses to execute the Undertaking Form, that person may still be shown Confidential Discovery Material but shall not be permitted to retain copies of any documents containing Confidential Discovery Material. Each executed Undertaking Form shall be retained by outside counsel for the parties so that it may be shown to counsel for the Producing Party if a request therefore is made.

6.    <u>Retaining Confidential Discovery Material in a Secure Manner</u>. All parties, their counsel, and all persons designated in Paragraph 4 above who obtain Confidential Discovery Material shall take all necessary and appropriate measures to maintain the confidentiality of the

Confidential Discovery Material, shall disclose such information only to persons authorized to receive it under this Order, and shall retain such information in a secure manner.

7. <u>Procedure for Filing with the Court</u>. Any party seeking to file Confidential Discovery Material shall do so under seal, provided such procedure is authorized by the Court. If the Court does not authorize filing the applicable information under seal, the parties shall meet and confer to determine an appropriate resolution. In the event the parties cannot agree upon a resolution, the party wishing to file the information shall seek further relief from the Court. Except as provided for filing under seal above, all Confidential Discovery Material shall be redacted from any public filing, pleading, or motion, unless otherwise agreed by counsel or directed by the Court.

8. <u>Effect on Discovery and Other Matters</u>. This Order has been entered to facilitate formal and/or informal discovery and the production of information in this Action. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this Action. Moreover, entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

    a. enlarge or affect the proper scope of discovery in this Action, nor imply that Discovery Material designated as Confidential Discovery Material under the terms of this Order is properly discoverable, relevant or admissible in this Action or in other litigation;

    b. operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

    c. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate

protection for any particular information deemed by any party to be Confidential Discovery Material;

d. prejudice in any way the rights of the parties to object to the production of such information or documents outside of this Action if protected by attorney-client privilege, work product doctrine, or other protections that the parties wish to preserve and in no way waive through production in this Action, or prejudice in any way, the rights of the parties to object to the production of similar information or documents in this Action if protected by attorney-client privilege, work product doctrine, or other protections;

e. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

f. prejudice the rights of a party to seek a determination by the Court whether any Confidential Discovery Material should be subject to the terms of this Order;

g. prejudice in any way the rights of a party to petition the Court for an additional protective order relating to any purportedly confidential information; or

h. prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Discovery Material.

9. <u>Inadvertent Production</u>. The Parties agree that the inadvertent production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, whether or not designated as Confidential Discovery Material under this Order, shall not be deemed a waiver of any applicable privilege or protection. In the event that material considered by the Producing Party to be privileged is inadvertently produced, the Producing Party may retrieve such material as follows:

a. The Producing Party shall provide written notice of discovery of the inadvertent production, within a reasonable time after such discovery and sufficiently in advance of trial to avoid prejudice to the opposing party, identifying the particular documents or portions thereof claimed to be privileged and the nature of the privilege; and

b. Within ten (10) calendar days of receipt of written notice by all Parties, the Parties shall meet and confer. In the event the Parties cannot agree, the Producing Party shall seek relief from the Court within ten (10) calendar days

of the meet and confer session.

  c. If the Parties agree that particular documents or portions thereof are privileged, or if a claim of privilege is upheld by the Court, the recipients shall return all copies of such documents, and the Producing Party shall provide properly redacted copies in the case of document(s) privileged in part.

The failure of the Producing Party to give timely notice as provided above or timely to seek relief from the Court as provided for above, shall constitute a waiver of the claim of privilege in the absence of agreement or leave of the Court, but only as to the inadvertently produced information or documents and not as to any other information or documents. If a Party produces privileged material that the recipient believes was produced inadvertently, the recipient immediately shall either return such privileged material to the Producing Party or notify the Producing Party of the apparent inadvertent production.

10. <u>Joinder of Additional Parties</u>. In the event additional parties join in this Action, they shall be bound by the protections of this Order if they receive Confidential Discovery Material.

11. <u>Use at Trial</u>. It is the present intention of the parties that the provisions of this Order shall govern discovery in the Action and that the parties will reach further agreement concerning the use of Confidential Discovery Material at trial of the Action, subject to approval of the Court.

12. <u>Amendment or Modification</u>. Each of the parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other parties hereto for good cause.

13. <u>Termination</u>. The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any appeals therefrom. Within 30 calendar days after

receiving notice of the entry of an order, judgment or decree finally disposing of all litigation relating to this Action in which Confidential Discovery Material is permitted to be used, all persons having received Confidential Discovery Material shall destroy hard copies of such Confidential Discovery Material, and certify that fact; <u>provided however</u>, (1) to the extent a Party maintains an electronic copy of Confidential Discovery Material, then it shall ensure that the information remains confidential, and (2) to the extent that any Party is required by law, government or regulatory requirement, contract or other requirement to maintain copies of documents related to this Action, including Confidential Discovery Material, such Party shall maintain such Confidential Discovery Material to the extent necessary to fulfill such requirements while continuing to treat such Confidential Discovery Material as "Confidential" under the terms of this Order. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including materials containing Confidential Discovery Material) <u>provided</u> that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to Court order or agreement with the Producing Party, such materials are intended to retain their confidentiality after claims in the Action have been finally determined between the parties. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

14. <u>Dispute Resolution</u>. During the pendency of the Action, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good faith effort to resolve any such objection with the Producing Party, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material

8

pursuant to this Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality.

15. <u>Third Party Requests for Information</u>. If any person receiving documents covered by this Order (the "Receiver") is served with a subpoena, demand or legal process seeking Confidential Discovery Material which was designated by someone other than the Receiver, the Receiver shall give prompt notice at the earliest possible time of receipt of such subpoena, demand or legal process, to the Producing Party. The Receiver shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving meaningful written notice to the Producing Party. Nothing herein shall be construed as requiring the Receiver to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

16. <u>Court Retains Jurisdiction</u>. This Order shall survive the final conclusion of this Action and the Court shall maintain jurisdiction to enforce this Order. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for purposes of enforcing this Order and remedying any violations thereof.

**Dated** this 8th day of May, 2018.     **IT IS SO ORDERED**.

s/ Michael D. Nelson
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEBRASKA

| | |
|---|---|
| ARCHER DANIELS MIDLAND COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>SHERMCO INDUSTRIES, INC.,<br><br>      Defendant. | **Case No: 8:17CV429** |

I hereby certify (i) my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of the Protective Order Governing the Production and Exchange of Confidential Material and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the terms, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the terms of the Order is punishable by contempt of Court.

Dated:_____  Signature:_____