# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

ARCHER DANIELS MIDLAND COMPANY,

               Plaintiff,

     vs.

SHERMCO INDUSTRIES, INC.,

               Defendant.

**8:17CV429**

**AMENDED
SECOND AMENDED ORDER
SETTING FINAL SCHEDULE FOR
PROGRESSION OF CASE**

     This matter is before the Court following a telephone conference held with counsel for the parties regarding Defendant's Motion for Enlargement of Time (Filing No. 30). Plaintiff opposes the motion. (Filing No. 35). Upon review of the motion, the Court finds it should be granted. In accordance with the matters discussed at the telephone conference,

     **IT IS ORDERED:** Defendant's Motion for Enlargement of time (Filing No. 30) is granted, and certain deadlines in the Amended Order Setting Final Schedule for Progression of Case (Filing No. 27) are amended as follows:

     1.    **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **March 1, 2019**. *See* NECivR 56.1 and NECivR 7.1.

     2.    **Discovery Deadlines: Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **February 1, 2019**.

     3.    **Disclosure of Expert Witnesses.**[1] Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **November 30, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **January 4, 2019**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

4. **Motions in Limine.** Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **March 1, 2019**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

5. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

6. The Final Pretrial Conference remains set for **June 28, 2019, at 11:00 a.m.,** before the undersigned magistrate judge.

7. The five (5) day jury trial remains set for **July 16, 2019**, in **Omaha**, Nebraska, before the **Honorable Laurie Smith Camp**, United States District Judge.

Dated this 1st day of November, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge